NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVES ANTOBELI VILLANUEVA-RODRIGUEZ; ANGELA MARTINEZ CAMPOS; et al., | No. 20-72990 |
| Petitioners, | Agency Nos. A201-749-697 |
| | A201-749-695 |
| v. | A201-749-696 |
| | A213-188-217 |
| MERRICK B. GARLAND, Attorney General, | A213-188-218 |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Ives Antobeli Villanueva-Rodriguez, Angela Martinez Campos, and their

children, natives and citizens of Honduras, petition pro se for review of the Board

of Immigration Appeals' order dismissing their appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We grant the petition for review, and remand.

The BIA erred in concluding that petitioners failed to establish the cognizability of a particular social group based on employment because it did not make the requisite case-by-case determination. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022) (BIA erred by concluding that an employment-based group was not cognizable without meaningful analysis); *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1087-88 (9th Cir. 2020) (BIA erred by failing to conduct the requisite cognizability analysis). Thus, we grant the petition for review with respect to petitioners' asylum and withholding of removal claims and remand to the agency for further proceedings consistent with this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

As to CAT relief, the agency found that petitioners failed to establish the requisite state action and they could relocate to avoid torture. Substantial evidence

does not support these findings. *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.18(a)(1), (7); *Plancarte Sauceda*, 23 F.4th at 835 (record compelled the conclusion that the applicant established official involvement and acquiescence in the cartel's activity); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 898-99 (9th Cir. 2021) (agency's CAT findings not supported by substantial evidence where noncitizen was not similarly situated to unharmed relative, and agency did not adequately consider noncitizen's credible testimony). Thus, we grant the petition for review with respect to petitioners' CAT claims and remand for further proceedings consistent with this decision. *See Ventura*, 537 U.S. at 16-18; *Vasquez-Rodriguez*, 7 F.4th at 898-99.

Petitioners' removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**